**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OMAR A. ESPINAL, <br><br> On behalf of himself and all other similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> BOB'S DISCOUNT FURNITURE, LLC, XPO LOGISTICS, INC., ABC CORPS. and JANE & JOHN DOES, <br><br> Defendants. | CIVIL ACTION <br><br> Civil No.: <br><br><br> **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

## COMPLAINT – CLASS ACTION

1.      Plaintiff Omar A. Espinal ("Plaintiff"), on behalf of himself and all other similarly situated persons, brings this class action lawsuit against Defendants Bob's Discount Furniture, LLC, XPO Logistics, Inc., ABC Corps. and Jane and John Does, to recover damages under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, et seq. (the "NJWHL"), the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq. (the "NJWPL"), and the doctrine of unjust enrichment.

## JURISDICTION AND VENUE

2.      Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under the Class Action Fairness Act ("CAFA"). See 28 U.S.C. § 1332(d).

3.      Venue is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred. Plaintiff

made a number of deliveries throughout the State of New Jersey including, but not limited to, Union, Essex and Hudson Counties.

## **PARTIES**

4.        Plaintiff Omar A. Espinal is an individual and has resided in the City of New Brunswick in the County of Middlesex in the State of New Jersey at all times relevant to this matter and was employed by Defendants in the Township of Edison in the County of Middlesex in the State of New Jersey, from approximately 2014 to November 2016.

5.        Defendant Bob's Discount Furniture, LLC ("Bob's"), is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with corporate headquarters located at 428 Tolland Turnpike in the Town of Manchester, County of Hartford and State of Connecticut.

6.        Defendant Bob's is in the business of selling furniture to customers and operates stores and locations in the Northeastern and Mid-Atlantic regions of the United States.

7.        Defendant Bob's operates and/or utilizes a distribution facility located at 10 Kilmer Court in the Township of Edison, County of Middlesex and State of New Jersey (the "Bob's Facility").

8.        The Class of similarly situated Plaintiffs, who all resided in New Jersey at all times relevant to this matter, is defined as:

> All individuals that were based out of the Bob's Facility in Edison Township, New Jersey, that performed truck driving and/or helper functions from April 2015 to the present.

9.        Drivers delivered goods from the Bob's Facility in Edison, New Jersey to its customers.  Helpers traveled with Drivers to assist with deliveries at the Facility and on the road.

10.     Defendant Bob's was at all relevant times herein, an employer of Plaintiff, and certain other similarly situated employees, as defined by the NJWHL and NJWPL.

11.     Defendant XPO Logistics, Inc. ("XPO") is a corporation organized and existing under the laws of the State of Delaware with corporate headquarters located at 5 Greenwich Office Park in the Town of Greenwich, County of Fairfield and State of Connecticut.

12.     Defendant XPO is a third-party provider of end-to-end goods management and logistics services for companies such as Bob's.

13.     Defendant XPO provides its management and logistic services to Defendant Bob's at the Bob's Facility in Edison, New Jersey.

14.     Defendant XPO was at all relevant times herein, an employer of Plaintiff, and certain other similarly situated employees, as defined by the NJWHL and NJWPL.

15.     Defendants ABC CORPS. and/or JANE and JOHN DOES are joint employers of the remaining other similarly situated employees, as defined by the NJWHL and NJWPL, which entered into agreements to provide Drivers and Helpers for or with Defendants Bob's, XPO and Ballard.

## SPECIFIC ALLEGATIONS

16.     Plaintiff and all Class Members were assigned to perform non-exempt tasks as Truck Drivers and/or Helpers for Bob's and were based out of the Bob's Facility in Edison Township, New Jersey.

17.     Bob's entered into business relationships with other entities, including XPO, John and Jane Does and ABC Corps., to conceal the fact that it had an employer-employee relationship with Plaintiff and all Class Members.

18.     Bob's controlled the manner and means in which Plaintiff and all Class Members performed their duties. Specifically, Plaintiff and all Class Members all reported to work at Bob's,

- 3 -

took instruction from Bob's employees, communicated with Bob's employees while delivering their routes during the workday, handled paperwork and invoices with Bob's customers and were required to wear a Bob's embroidered uniform. Bob's had the authority to reprimand and terminate Plaintiff and all Class Members. As such, Bob's was an employer of Plaintiff and all other Class Members under NJWHL and NJWPL.

19.     XPO is a third-party logistics company that has a physical presence at Bob's Facility. XPO controlled the manner and means in which Plaintiff and all Class Members performed their duties. Specifically, Plaintiffs and all Class Members all reported to work at the Bob's Facility for Bob's and/or XPO, took instruction from Bob's and XPO employees, including Defendant Ballard, communicated with Bob's and XPO employees while delivering their routes during the workday and handled paperwork related to or pertaining to Bob's and/or XPO. XPO also had the authority to reprimand and terminate Plaintiff and all Class Members. As such, XPO was an employer of Plaintiffs and all other Class Members under the NJWHL and NJWPL.

20.     John and Jane Does and/or ABC Corps. entered into agreements with Bob's and/or XPO to provide Truck Drivers and Helpers to work at the Bob's Facility.

21.     John and Jane Does and/or ABC Corps. are employers under the NJWHL and NJWPL because they controlled aspects of the employment of Plaintiff and all other Class Members.

22.     Plaintiff and all Class Members delivered furniture and other materials from the Bob's Facility in Edison, New Jersey, to its customers.

23.     Plaintiff and Class Members are not independent contractors as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C).

24.     Plaintiff and Class members are not exempt under the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.

25.     Plaintiff and Class Members routinely worked far in excess of forty (40) hours per week for Defendants and were not paid 1.5 times their hourly rate or 1.5 times the minimum wage rate when they worked over forty (40) hours per week.

26.     Defendants' ongoing illegal policies of failing to pay Class Members for time worked has resulted in Class Members being denied substantial legally required compensation and/or overtime payments given that Class Members routinely worked in excess of forty hours per week.

27.     In addition, the payments earned by Plaintiff and other Class Members are reduced to account for various deductions, charges and/or expenses that do not benefit Plaintiff or other Class Members. For example, Plaintiff, like other Class Members, was subjected to deductions, charges and/or expenses to cover, inter alia, the cost of liability and workers' compensation insurance, various performance-based penalties and lease payments.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this lawsuit as a class action, pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and all other individuals who, any time after April 2015, performed delivery and other transportation related services in the State of New Jersey for Defendants.

29.     Class action treatment is appropriate because, as summarized in Paragraphs 34-40 below, all of Rule 23's requirements are satisfied.

30.     The class is so numerous that joinder of all class members is impracticable.

31.     Plaintiff is a class member, his claims are typical of the claims of other class members and he has no interests that are antagonistic to or in conflict with the interests of other class members.

32.     Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

33.     Questions of law and fact are common to all class members.

34.     Common questions of law and fact predominate over questions affecting only individual class members. These common questions include:

> a.  Whether Class Members were not paid 1.5 times their hourly rate or the minimum wage rate when they worked over 40 hours per week;
>
> b.  Whether this conduct violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq.
>
> c.  Whether Class Members had their payments reduced to account for various deductions, charges and/or expenses that do not benefit Plaintiff or other Class Members; and
>
> d.  Whether this conduct violates the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, et seq.

35.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

36.     The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### (NEW JERSEY WAGE AND HOUR LAW)

37.     Plaintiffs reassert Paragraphs 1-36 as if set forth at length herein.

38.     Defendants' conduct against Plaintiff and the Class Members violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq., by failing to compensate Plaintiff and the Class Members for all hours worked, and not paying overtime when Plaintiff and the Class Members worked over 40 hours per week.

39.     As a result of Defendants' conduct, Plaintiff and the Class Members have endured significant economic damages.

## COUNT TWO

### (NEW JERSEY WAGE PAYMENT LAW)

40.     Plaintiffs reassert Paragraphs 1-39 as if set forth at length herein.

41.     Defendants' conduct against Plaintiff and the Class Members violates the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 et seq., by reducing the payments made to Plaintiff and the Class Members to account for various deductions, charges and/or expenses that do not benefit Plaintiff or other Class Members.

42.     As a result of Defendants' conduct, Plaintiff and the Class Members have endured significant economic damages.

## COUNT THREE

### (UNJUST ENRICHMENT)

43.     Plaintiffs reassert Paragraphs 1-42 as if set forth at length herein.

44.     Defendants have been financially enriched by subjecting Plaintiff and the other Class Members to deductions, charges and/or expenses that typically are borne by employers and by failing to pay them the appropriate overtime rate for all hours they worked in excess of forty (40) hours per week.

45.     The financial enrichment enjoyed by Defendants has come at the expense of Plaintiff and the other Class Members, all of whom have borne the improper deductions, charges and/or expenses.

46.     It is against equity and good conscience to permit Defendants to retain such deductions, charges and/or expenses.

47.     Defendants should be required to reimburse Plaintiff and all other Class Members for such improper deductions, charges and/or expenses under the doctrine of unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Omar A. Espinal seeks the following relief on behalf of himself and other Class Members:

A.     Declaratory and/or injunctive relief as deemed appropriate by the Court;

B.     Reimbursement of all charges, deductions and expenses;

C.     Reimbursement of all appropriate overtime pay;

D.     Liquidated damages and prejudgment interest;

E.     Litigation costs, expenses, and attorneys' fees; and

F.     Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial.

Dated: April 26, 2017
     Princeton, New Jersey

Respectfully submitted,

By:/s/ Ravi Sattiraju
    **THE SATTIRAJU LAW FIRM, P.C.**
    Ravi Sattiraju, Esq.
    Anthony S. Almeida, Esq.
    116 Village Boulevard, Suite 200
    Princeton, New Jersey 08540
    Tel: (609) 799-1266
    Fax: (609) 228-5649
    Email: rsattiraju@sattirajulawfirm.com
    *Attorneys for Plaintiff and all other similarly*
    *situated persons.*