James J. Panzini
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
973-538-6890
James.Panzini@JacksonLewis.com

Adam L. Lounsbury (*pro hac vice*)
JACKSON LEWIS P.C.
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219
804-649-0404
Adam.Lounsbury@JacksonLewis.com

*Attorneys for Defendant XPO Last Mile, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OMAR A. ESPINAL, FREDY O. CARBAJAL, ARLEN Y. MARTINEZ, OSCAR RENE CALDERON ROMERO and WELLINGTON TORRES,<br><br>Plaintiffs,<br><br>v.<br><br>BOB'S DISCOUNT FURNITURE, LLC, AND XPO LAST MILE, INC.,<br><br>Defendants. | Civ. No.:  2:17-cv-02854 (JMV)(JBC)<br><br>**XPO LAST MILE, INC.'S ANSWER & AFFIRMATIVE DEFENSES TO THE THIRD AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

Defendant XPO Last Mile, Inc., answers the Plaintiffs' Third Amended Class Action Complaint and Jury Trial Demand ("Complaint") as follows:

1. XPO LM admits that the Plaintiffs filed a putative class action complaint against XPO LM (and others) and have made the allegations set forth in this paragraph, but XPO LM denies that the proposed

class is suitable for class treatment and denies the substance of the allegations set forth in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. XPO LM denies the allegations in Paragraph 2 of the Complaint.

3. The allegations set forth in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, XPO LM admits that, 28 U.S.C. § 1332(d) contains the statutory elements for the district court's original jurisdiction over a class action, but otherwise denies the allegations in Paragraph 3.

4. XPO LM denies the allegations set forth in Paragraph 4 because it did not "send out" trucks, it did not do so "each day," and states that the number of loads that were tendered daily varies substantially.

5. XPO LM denies the allegations set forth in Paragraph 5, except to admit that one Plaintiff testified in deposition that "it was about 150 or 200" drivers and helpers that made up the delivery teams.

6. XPO LM denies the allegations set forth in Paragraph 6.

7. XPO LM lacks information sufficient to form a belief about the truth of the allegations in Paragraph 7 and therefore denies them.

8. XPO LM lacks information sufficient to form a belief about the truth of the allegations about how many hours and days Plaintiffs "generally work" and therefore denies them. XPO LM denies the remaining allegations in Paragraph 8.

9. XPO LM lacks information sufficient to form a belief about the truth of the allegations in Paragraph 9 and therefore denies them.

10. XPO LM denies the allegations set forth in Paragraph 10.

11. XPO LM lacks information sufficient to form a belief about the truth of the allegations in Paragraph 11 and therefore denies them.

12. XPO LM lacks information sufficient to form a belief about the truth of the allegations in Paragraph 12 and therefore denies them, except to admit that XPO LM is incorporated in Georgia and its corporate headquarters are in Georgia.

13. XPO LM states that these claims should be heard in arbitration, but otherwise admits that venue is proper in this Court and denies the remaining allegations in Paragraph 13.

## PARTIES

14. XPO LM lacks knowledge or information sufficient to form a belief about the truth of Plaintiff Omar A. Espinal's allegations that he is and was a resident of the City of New Brunswick in the County of Middlesex in the State of New Jersey at all times relevant to this matter. XPO LM denies the remaining allegations set forth in Paragraph 14.

15. XPO LM lacks knowledge or information sufficient to form a belief about the truth of Plaintiff Fredy O. Carbajal's allegations that he is and was a resident of the City of New Brunswick in the County of Middlesex in the State of New Jersey at all times relevant to this matter. XPO LM denies the remaining allegations set forth in Paragraph 15.

16. XPO LM lacks knowledge or information sufficient to form a belief about the truth of Plaintiff Arlen Y. Martinez' allegations that he is and was a resident of the Township of New Brunswick in the County of Middlesex in the State of New Jersey at all times relevant to this matter. XPO LM denies the remaining allegations set forth in Paragraph 16.

17. XPO LM lacks knowledge or information sufficient to form a belief about the truth of Plaintiff Oscar Rene Calderon Romero's allegations that he is and was a resident of the Township of Edison in the County of Middlesex in the State of New Jersey at all times relevant to this matter. XPO LM denies the remaining allegations set forth in Paragraph 17.

18. XPO LM lacks knowledge or information sufficient to form a belief about the truth of Plaintiff Wellington Torres' allegations that he is and was a resident of the City of Perth Amboy in the County of Middlesex in the State of New Jersey at all times relevant to this matter. XPO LM denies the remaining allegations set forth in Paragraph 18.

19. XPO LM lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 19.

20. XPO LM admits that Bob's is in the business of selling furniture but lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 20.

21. XPO LM admits the allegations in Paragraph 21.

22. XPO LM admits that it is a freight forwarder that provides logistics services, and that Bob's is a customer of XPO LM. XPO LM denies the remaining allegations set forth in Paragraph 22.

23. XPO LM admits that it organized freight and tendered that freight to the motor carriers with whom it contracted to perform delivery services for Bob's originating at the "Edison Facility" and the "Carteret Facility," during certain periods of time. XPO LM denies the remaining allegations set forth in Paragraph 23.

24. XPO LM denies the allegations set forth in Paragraph 24 of the Complaint, except XPO LM admits that the Plaintiffs seek to represent a class of similarly situated persons that includes "[a]ll individuals that were based out of Defendants' New Jersey Facilities that performed truck driving and/or helper functions for the Defendants from April 26, 2011 to the present for purposes of the NJWPL claims and all individuals that performed truck driving and/or helper functions for the Defendants from April 26, 2015 through to January 2017 out of the Edison Facility and from May 1, 2017 through to the present out of the Carteret Facility for purposes of the NJWHL claims (hereinafter the "Class Members")." XPO LM denies that the proposed class is suitable for class treatment under any circumstance.

25. XPO LM denies the allegations in Paragraph 25 of the Complaint as phrased. XPO LM admits that it tendered freight to motor carriers and that those motor carriers delivered the tendered freight to Bob's retail customers. The motor carriers employed or otherwise contracted with drivers and helpers to perform the deliveries that the motor carrier agreed to complete. The motor carriers with whom XPO LM contracted and tendered freight were previously identified as Plaintiffs' employers or joint employers. See, e.g., Dkt. No. 1, Complaint ¶¶ 15, 21; Dkt. No. 64, First Amended Complaint ¶¶ 20, 26; Dkt. No. 74, Second Amended Complaint ¶¶ 18, 24. XPO LM denies any remaining allegations in Paragraph 25.

26. XPO LM denies the allegations set forth in Paragraph 26.

27. XPO LM denies the allegations set forth in Paragraph 27, and states that Plaintiffs previously identified the motor carriers with whom XPO LM contracted and tendered freight as Plaintiffs' employers or joint employers. See, e.g., Dkt. No. 1, Complaint ¶¶ 15, 21; Dkt. No. 64, First Amended Complaint ¶¶ 20, 26; Dkt. No. 74, Second Amended Complaint ¶¶ 18, 24.

## SPECIFIC ALLEGATIONS

28. XPO LM lacks information sufficient to form a belief about the truth of the allegations set forth in Paragraph 28 and therefore denies them.

29. XPO LM denies the allegations set forth in Paragraph 29.

30. XPO LM denies the allegations set forth in Paragraph 30.

31. XPO LM admits that it is a third party logistics company that had employees who were physically present at the Edison and Carteret Facilities, and that it tenders freight at those locations to independent motor carriers that are contracted with XPO LM to deliver the freight tendered to them. XPO LM denies the remaining allegations set forth in Paragraph 31 of the Complaint.

32. XPO LM admits that it enters into delivery service agreements with independent motor carriers that are contracted to deliver goods tendered to them at the Edison and Carteret Facilities, and that

those motor carriers hired, employed, or otherwise contracted with delivery teams to perform the contracted delivery services.  XPO LM denies the remaining allegations set forth in Paragraph 32 of the Complaint, and states that Plaintiffs previously identified the motor carriers as Plaintiffs' employers or joint employers.  See, e.g., Dkt. No. 1, Complaint ¶¶ 15, 21; Dkt. No. 64, First Amended Complaint ¶¶ 20, 26; Dkt. No. 74, Second Amended Complaint ¶¶ 18, 24.

33. XPO LM denies the allegations set forth in Paragraph 33.

34. XPO LM denies the allegations set forth in Paragraph 34.

35. XPO LM denies the allegation that Plaintiffs and putative class members "routinely worked far in excess of forty (40) hours per week for Defendants."  XPO LM lacks knowledge sufficient to form a belief about the truth of the allegation that Plaintiffs and putative class members "were not paid 1.5 times their hourly rate or 1.5 times the minimum wage rate when they worked over forty (40) hours per week," and therefore denies it.  XPO LM denies any remaining allegations in Paragraph 35.

36. XPO LM denies the allegations set forth in Paragraph 36.

37. XPO LM lacks knowledge sufficient to form a belief about the truth of the allegations in Paragraph 37 and therefore denies them.  XPO LM further states that, upon information and belief, each Plaintiff and putative class member was paid by the motor carriers that hired and employed them, and that XPO LM did not make deductions from their pay.

## **CLASS ACTION ALLEGATIONS**

38. XPO LM admits that the Plaintiffs bring this lawsuit as a class action, but XPO LM denies that the proposed class is suitable for class treatment and denies all remaining allegations set forth in Paragraph 38.

39. XPO LM denies the allegations set forth in Paragraph 39.

40. XPO LM denies the allegations set forth in Paragraph 40.

41. XPO LM denies the allegations set forth in Paragraph 41.

42. XPO LM denies the allegations set forth in Paragraph 42.

43. XPO LM denies the allegations set forth in Paragraph 43.

44. XPO LM denies the allegations set forth in Paragraph 44 and its subparagraphs.

45. XPO LM denies the allegations set forth in Paragraph 45.

46. XPO LM denies the allegations set forth in Paragraph 46.

## COUNT ONE
## (NEW JERSEY WAGE AND HOUR LAW)

47. Paragraph 47 reasserts the allegations made in Paragraphs 1-46, and XPO LM incorporates its responses to Paragraphs 1-46 as if fully restated here.

48. XPO LM denies the allegations set forth in Paragraph 48.

49. XPO LM denies the allegations set forth in Paragraph 49.

## COUNT TWO
## (NEW JERSEY WAGE PAYMENT LAW)

50. Paragraph 50 reasserts the allegations made in Paragraphs 1-49, and XPO LM incorporates its responses to Paragraphs 1-49 as if fully restated here.

51. XPO LM denies the allegations set forth in Paragraph 51, and states that Plaintiffs have admitted that they were compensated by the motor carriers that employed them and that XPO LM did not make any deduction from their compensation.

52. XPO LM denies the allegations set forth in Paragraph 52.

## COUNT THREE
## (UNJUST ENRICHMENT)

53. Paragraph 53 reasserts the allegations made in Paragraphs 1-52, and XPO LM incorporates its responses to Paragraphs 1-52 as if fully restated here.

54. XPO LM denies the allegations set forth in Paragraph 54, and states that Plaintiffs have admitted that they were compensated by the motor carriers that employed them and that XPO LM did not make any deduction from their compensation.

55. XPO LM denies the allegations set forth in Paragraph 55.

56. XPO LM denies the allegations set forth in Paragraph 56.

57. XPO LM denies the allegations set forth in Paragraph 57.

## PRAYER FOR RELIEF

58. XPO LM denies each and every allegation set forth in the "Wherefore" clause of the Complaint and denies that the Plaintiffs are entitled to any relief.

## OBJECTION TO JURY TRIAL

XPO LM objects to a trial by jury on the Plaintiffs' equitable claims, claims for back pay and front pay, and all other issues to which the Plaintiffs are not entitled to a jury trial as a matter of law.

## ADDITIONAL AVERMENTS

XPO LM denies all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENSES

XPO LM asserts the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

1. This Court lacks subject matter jurisdiction over this case.

2. XPO LM is not a proper party because it was never the Plaintiffs' employer.

3. The Plaintiffs' claims are barred, in whole or in part, because the Plaintiffs failed to join necessary parties, including the motor carriers that employed them and which were identified as unnamed defendants in the original, First and Second Amended Complaints.

4. The Plaintiffs' claims are barred because the Plaintiffs are employees of the motor carriers that Plaintiffs previously identified as their employers or joint employers and were not employees of XPO LM or any other related entity.

5. The Plaintiffs lack standing to pursue any claims established by New Jersey's Wage Theft Act.

6. The Plaintiffs' claims are preempted by federal law, including the Federal Aviation Administration Authorization Act of 1994.

7. The Plaintiffs fail to state a claim upon which relief can be granted.

8. The Plaintiffs' claims are subject to arbitration.

9. The Plaintiffs' claims are barred under N.J. Stat. § 34:11-56a25.2.

10. The Plaintiffs' claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the New Jersey Law, including but not limited to offsets for all payments made to the third parties by whom the Plaintiffs were employed.

11. The Plaintiffs' claims must be dismissed to the extent they relate to work performed outside of New Jersey because New Jersey law does not apply to work activities performed outside of New Jersey.

12. The Plaintiffs' claims and those of the putative class members are barred, in whole or in part, by one or more statute of limitations, including but not limited to the limitations recognized by the Court's Order Approving Joint Stipulation (Dkt. No. 73), and there is no basis for tolling.

13. The Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the equitable doctrines of unclean hands, unjust enrichment, laches, offset and/or set off.

14. The Plaintiffs' claims, in whole or in part, are barred by the doctrine of abandonment or waiver.

15. The Plaintiffs are estopped by their own acts, omissions, representations, and/or courses of conduct from asserting the causes of action upon which they seek relief.

16. The Plaintiffs' claims, in whole or in part, are barred because the Plaintiffs were paid in full.

17. The Plaintiffs' claims are barred, in whole or in part, to the extent that XPO LM has exercised reasonable diligence in the discharge of its alleged duties.

18. The Plaintiffs' claims are barred to the extent they are based in whole or in part upon alleged misconduct by XPO LM's agents or employees, as such actions were beyond the course and scope of those agents' or employees' respective agency or employment with XPO LM, and such conduct was not authorized, adopted, or ratified by XPO LM, and/or XPO LM did not know of, nor should it have known of, such conduct.

19. The Plaintiffs fail to state facts sufficient to constitute a claim for which attorney's fees and/or costs may be awarded.

20. The Plaintiffs' claims are barred by their failure to exhaust administrative remedies.

21. To the extent the Plaintiffs seek to recover equitable relief, the Plaintiffs are not entitled to such relief because they have an adequate remedy at law.

22. Third parties, including those entities and persons Plaintiffs previously identified as their employers or joint employers, are liable to XPO LM for contribution and/or indemnity by virtue of contract and/or common law, including complete indemnity against any verdict, judgement, attorneys fees, interests, and costs incurred in connection with this action.

23. Should the proposed class be certified for class treatment, which XPO LM vigorously opposes, third parties, including those entities and persons employing each and every putative class member, are liable to XPO LM for contribution and/or indemnity by virtue of contract and/or common law,

including complete indemnity against any verdict, judgement, attorneys fees, interests, and costs incurred in connection with this action.

24. This action does not meet the requirements for class action treatment, and the Plaintiffs cannot satisfy the requirements for maintenance of a class action, including, without limitation, ascertainability, predominance, commonality, typicality, adequacy, and superiority.

25. Without waiving the ability to oppose class certification and explicitly asserting its opposition to the propriety of class treatment, if the Court does certify a class in this case over XPO LM's objections, then XPO LM asserts the affirmative defenses set forth above against each and every member of the certified class.

26. XPO LM hereby incorporates each and every defense of each and every co-defendant as if fully set forth herein.

## RESERVATION OF ADDITIONAL DEFENSES

XPO LM alleges that because the Complaint is pleaded in conclusory terms, all defenses that may be applicable cannot be fully anticipated.  Accordingly, XPO LM reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery, when and if the same have been ascertained.  In addition, XPO LM reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional defense, and/or should a change in the law support the inclusion of new and/or additional defenses, or for any other good cause.

## RELIEF REQUESTED

**WHEREFORE**, Defendant XPO Last Mile, Inc. prays for judgment as follows:

1. The Plaintiffs' Third Amended Class Action Complaint and Jury Trial Demand be dismissed in its entirety with prejudice;

2. The Plaintiffs take nothing by this action against XPO Last Mile, Inc.;

3. Judgment be entered against the Plaintiffs and in favor of XPO Last Mile, Inc. on all of the Plaintiffs' causes of action;

4. XPO Last Mile, Inc. be awarded its costs of suit and attorney's fees incurred in this action, as provided by law; and

5. XPO Last Mile, Inc. be awarded such other and further relief as the Court deems just and fair.

Dated: February 4, 2021                    Respectfully submitted,

*/s/ James J. Panzini*

James J. Panzini
JACKSON LEWIS P.C.
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, NJ 07960
Tel. 973-538-6890
Fax 973-540-9015
James.Panzini@jacksonlewis.com

Adam L. Lounsbury
(*pro hac vice*)
JACKSON LEWIS P.C.
701 E. Byrd Street, 17th Floor
Richmond, Virginia 23219
Tel. 804-649-0404
Fax 804-649-0403
Adam.Lounsbury@jacksonlewis.com

*Attorneys for XPO Last Mile, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of February, 2021, a true and correct copy of XPO LAST MILE, INC.'S ANSWER & AFFIRMATIVE DEFENSES TO THE THIRD AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND was filed with the Clerk of Court and served upon all counsel of record through the Court's CM/ECF filing system and the Notice of Electronic Filing generated thereby.

Dated this 4th day of February 2021.            */s/ James J. Panzini*  _____
                                                James J. Panzini
                                                Counsel for *XPO Last Mile, Inc.*