NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| OMAR A. ESPINAL, FREDY O. CARBAJAL, ARLEN Y. MARTINEZ, OSCAR RENE CALDERON ROMERO and WELLINGTON TORRES, <br><br> *Plaintiffs*, <br><br> v. <br><br> BOB'S DISCOUNT FURNITURE, LLC, RXO LAST MILE, INC., ABC CORPS., and JANE & JOHN DOES, <br><br> *Defendants*. | Civil Action No. 17-02854 <br><br> **OPINION AND ORDER** <br><br> March 12, 2026 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant RXO Last Mile, Inc.'s ("RXO LM") motion for clarification or reconsideration of the portion of the Court's summary judgment opinion regarding the application of the trucking industry employer exemption to overtime (ECF 229 ("Summary Judgment Opinion") at 20-21). (ECF 234, "Mot." or "Motion for Reconsideration.") Plaintiffs opposed the motion. (ECF 241, "Opp.") RXO filed a reply. (ECF 246, "Reply.") The Court held oral argument on the Motion for Reconsideration on January 15, 2026. For the reasons stated below, Defendant's Motion for Reconsideration is **GRANTED**.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This class action arises from Defendants' alleged failure to pay Plaintiffs overtime in violation of the New Jersey Wage and Hour Law ("NJWHL" or "WHL"), N.J. Stat. Ann. § 34:11-56a, *et seq.*; the New Jersey Wage Payment Law ("NJWPL"), N.J. Stat. Ann. § 34:11-4.1, *et seq.*;

1

and for unjust enrichment.[1] (*See* ECF 122, Third Amended Complaint.) On March 7, 2025, the Court issued an opinion and order on (1) Plaintiffs' motion for summary judgment (ECF 191); (2) Defendant Bob's Discount Furniture's motion for summary judgment (ECF 192); and (3) RXO LM's motion for summary judgment (ECF 196). (ECF 229 ("Summary Judgment Opinion"); ECF 230 ("Summary Judgment Order").) The legal issue primarily in dispute at summary judgment was whether RXO LM and Bob's were Plaintiffs' joint employers. (*See* Summary Judgment Opinion.) The Court denied Plaintiffs' and RXO's motions for summary judgment and granted Bob's motion for summary judgment. (*See id.*)

At summary judgment, RXO LM also argued that it is entitled to the statutory exemption of N.J. Stat. Ann. § 34:11-56a4 as to Plaintiffs' Overtime Claims pursuant to the New Jersey Wage & Hour Law. (*See* Summary Judgment Opinion at 20.) RXO LM argued that it was a trucking industry employer under the statute and argued that Plaintiffs and the Class would not be entitled to the traditional overtime premium, provided that their wages were not less than 1 ½ times the minimum wage. (*Id.*) The Court held that employees of "trucking industry employer[s]" are entitled to an overtime premium rate of 1 ½ the minimum wage for each hour worked more than forty (40) hours in a week under the WHL, a requirement that is independent of, and in addition to, whatever flat or piecemeal rate they may be paid." (*Id.* at 21.) Given this finding, the Court determined that RXO was "not entitled to the trucking industry employer statutory exemption" under the WHL. (*Id.*)

On March 21, 2025, RXO LM moved for reconsideration of the Court's conclusion in the Summary Judgment Opinion that a trucking industry employer is required to pay 1 ½ times the minimum wage for all overtime hours "independent of, and in addition to, whatever flat or

---

[1] The Court incorporates by reference the factual background in its Summary Judgment Opinion (ECF 229 at 2-5.)

piecemeal rate they may be paid" (Summary Judgment Opinion at 21). (ECF 234-1, "Br." at 1.) On April 30, 2025, Plaintiffs filed an opposition to the Motion for Reconsideration. (ECF 241.) On May 9, 2025, RXO LM filed a reply in further support of its Motion for Reconsideration. (ECF 246.) The Court held oral argument on the Motion for Reconsideration on January 15, 2026. (*See* ECF 269.)

## II.    **LEGAL STANDARD**

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *Cordero v. Emrich*, No. 20-5654, 2022 WL 17418572, at *1 (D.N.J. Dec. 5, 2022). "Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b)." *Id.* (quoting *Dubler v. Hangsterfer's Lab'ys*, No. 09-5144, 2012 WL 1332569, at *1 (D.N.J. Apr. 17, 2012)). In this District, however, "motions for reconsideration are governed by Local Civil Rule 7.1(i)." *Cordero*, 2022 WL 17418572, at *1; *see also Frazier v. Kuhn*, No. 2116842, 2024 WL 361196, at *2 (D.N.J. Jan. 31, 2024). Under Local Civil Rule ("Local Rule") 7.1(i), a party may move for reconsideration of a previous order if there are "matter[s] or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i).

The Court will reconsider a prior order only where a moving party shows one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A court commits a clear error of law "only if the record

3

cannot support the findings that led to that ruling." *ABS Brokerage Servs. LLC v. Penson Fin. Servs., Inc.*, No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008)). Reconsideration may be granted to "correct a clear error of law or fact" where the Court was previously notified of "dispositive factual matters or controlling decisions of law" but failed to consider them. *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (citations omitted); *see also Carmack v. Amaya Inc.*, No. 16-1884, 2018 WL 10068303, at *1 (D.N.J. Feb. 26, 2018) (stating that "the moving party must actually present something new or something overlooked by the court in rendering the earlier decision") (citation omitted). "The word 'overlooked' is the operative term and has been consistently interpreted as referring only to facts and legal arguments that might reasonably have resulted in a different conclusion had they been considered." *Carmack*, No. 16-1884, 2018 WL 10068303, at *1 (citing *Summerfield v. Equifax*, 264 F.R.D. 133, 145 (D.N.J. 2009)).

"[R]econsideration is an extraordinary remedy, that is granted 'very sparingly[.]'" *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Community Org v. Honeywell Int'l. Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005) (same). A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld*, 161 F. Supp. at 352 (citation omitted).

## III.   <u>ANALYSIS</u>

RXO LM moves for reconsideration or clarification of the portion of the Court's Summary Judgment Opinion stating that a trucking industry employer is required to pay 1 ½ times the

minimum wage for all overtime hours "independent of, and in addition to, whatever flat or piecemeal rate they may be paid" (Summary Judgment Opinion at 21). (Br. at 1-2.) RXO LM does not otherwise move for clarification or reconsideration of the remainder of the Court's Summary Judgment Opinion. (*See id.*) The Court agrees with RXO LM that reconsideration is warranted based on the plain language of § 34:11-56a4(f), which the Court did not assess in the Summary Judgment Opinion.

RXO LM argues that N.J. Stat. Ann. § 34:11-56a4(f) established an exemption for trucking industry employers to the general overtime rule set forth under § 34:11-56a4(b)(1). (*See* Br. at 3-4.) N.J. Stat Ann. § 34:11-56a4(b)(1) states that "[a]n employer shall also pay each employee not less than 1 ½ times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week." N.J. Stat. Ann § 34:11-56a4(f) states in relevant part:

> Notwithstanding the provisions of this section to the contrary, every trucking industry employer shall pay to all drivers, helpers, loaders and mechanics for whom the Secretary of Transportation may prescribe maximum hours of work for the safe operation of vehicles, pursuant to section 31502(b) of the federal Motor Carrier Act, 49 U.S.C.s.31502(b), an overtime rate not less than 1 1/2 times the minimum wage required pursuant to this section and N.J.A.C. 12:56-3.1. Employees engaged in the trucking industry shall be paid no less than the minimum wage rate as provided in this section and N.J.A.C. 12:56-3.1. . . .

N.J. Stat. Ann § 34:11-56a4(f). The parties do not dispute that RXO LM is a "trucking industry employer" under this provision. (*See* ECF 265; ECF 266.)

RXO LM argues that § 34:11-56a4(f) is an exemption to the traditional overtime approach and was intended to establish an alternative method of computing overtime compensation. (*See* Br. at 3-4.) In opposition, Plaintiffs argue that Defendant's approach would "incentivize excessive hours and ever-diminishing hourly rates, which would violate the public policy of the State of New Jersey as set forth by the Legislature and the New Jersey Supreme Court." (Opp. at 1-2.) Plaintiffs further argue that the issue was already decided in *Echavarria v. Williams Sonoma, Inc., et al.*,

Civ. No. 15-6441, 2016 WL 1047225 (D.N.J. Mar 16, 2016), where the court rejected RXO LM's view and held that the WHL "explicitly contemplates that drivers and helpers shall receive 'an overtime rate,' not simply a sufficiently high daily flat rate." (Opp. at 3-4 (quoting *Echavarria*, 2016 WL 1047225, at *9).)

Because the Court must interpret New Jersey law, New Jersey rules of statutory interpretation apply.[2] *Cf. In re Trs. of Conneaut Lake Park, Inc.*, 855 F.3d 519, 522–23 (3d Cir. 2017). To start, the Court looks to the statute's plain terms. *See Borough of Englewood Cliffs v. Trautner*, 260 N.J. 410, 419–20 (2025) ("There is no more persuasive evidence of legislative intent than the words by which the Legislature undertook to express its purpose…" (quoting *Fuster v. Township of Chatham*, 259 N.J. 533, 547 (2025))). "We ascribe to the statutory words their ordinary meaning and significance and read them in context with related provisions so as to give sense to the legislation as a whole." *DiProspero v. Penn*, 183 N.J. 477, 492 (2005) (citations omitted). "If the plain language of a statute is clear, our task is complete." *Savage v. Township of Neptune*, 257 N.J. 204, 215 (2024).

The plain language of § 34:11-56a4(f) is clear. The statute states that "every trucking industry employer shall pay to all drivers, helpers, loaders and mechanics…an overtime rate not less than 1 1/2 times the minimum wage required pursuant to this section and N.J.A.C. 12:56-3.1." N.J. Stat. Ann § 34:11-56a4(f). Under this provision, a trucking industry employee's wage for all overtime hours must be equal to or more than one and one-half times the minimum wage. Plaintiffs argue that "employees of 'trucking industry employer[s]' are entitled to an overtime *premium rate* of one and one-half times the minimum wage for each hour worked more than forty (40) hours in a week under the WHL" and that this requirement is "*in addition to*, whatever flat or piecemeal

---

[2] The Court is not aware of any New Jersey Court that has directly addressed the question at issue here or has interpreted N.J. Stat. Ann § 34:11-56a4(f).

rate they may be paid." (Opp. at 8 (emphases added).) However, there is no language in the statute stating that the overtime set forth in N.J. Stat. Ann § 34:11-56a4(f) is a "premium" or "in addition" to the employees' regular rate. Plaintiffs ask the Court to write into the statute language that does not exist there, which the Court cannot do. "If the language is plain and if its meaning is clear, we do not rewrite it, nor do we 'presume that the Legislature intended something other than that expressed by way of the plain language.'" *612 Assocs., L.L.C. v. N. Bergen Mun. Utilities Auth.*, 215 N.J. 3, 15 (2013) (quoting *Hubner v. Spring Valley Equestr. Ctr.*, 203 N.J. 184, 194 (2010)).

Moreover, § 34:11-56a4(f) opens by stating, "[n]otwithstanding the provisions of this section to the contrary…," which supports the conclusion that it functions as an exemption to the regular statutory overtime rate set forth in § 34:11-56a4(b)(1). New Jersey caselaw also supports the conclusion that § 34:11-56a4(f) is an exemption to the regular statutory overtime rate. *See In re Raymour & Flanigan Furniture*, 964 A.2d 830, 833 (N.J. Super. Ct. App. Div. 2009) (noting that if the exemption set forth in N.J. Stat. Ann § 34:11-56a4(f) applied, "[it] would allow R & F to pay those employees not less than 1 ½ times the minimum wage, rather than the statutory overtime rate of 1 ½ times the employee's regular hourly wage.").

The Court does not find support in the statute's language for the conclusion that alternative methods of payments, such as flat rates, necessarily alter the trucking exemption overtime rate. Employees subject to the exemption must be paid at least 1 ½ times the minimum wage for all hours worked over 40, regardless of how they are paid.[3] Because the plain language of the statute is clear, it is unnecessary for the Court to review the legislative history of the WHL. *See Savage*, 257 N.J. at 215.

---

[3] Neither party argues that the *method* of payment as alleged in the Third Amended Complaint (ECF 122) is illegal under New Jersey law. Instead, Plaintiffs allege that they were paid flat daily rates and were not paid any overtime for hours worked over 40. (*Id.* ¶¶ 7-8, 35.) Additionally, N.J. Admin. Code § 12:56-6.5(b) states that "[t]he act [the New Jersey State Wage and Hour Law] does not require employers to compensate employees on an hourly rate basis."

Finally, Plaintiffs' reliance on *Echavarria* is unavailing because *Echavarria* is not precedential. (*See* Opp. at 3-4 (quoting *Echavarria*, 2016 WL 1047225, at *9).)

Based on the foregoing, the Court concludes that it overlooked the statutory language in its Summary Judgment Opinion and reconsideration is warranted. *See Carmack*, 2018 WL 10068303, at *1. Under N.J. Stat. Ann § 34:11-56a4(f), a trucking industry employee's wage for overtime hours must be equal to or more than one and one-half times the minimum wage. This opinion modifies only Section III.d.ii.6 of the Summary Judgment Opinion. The remainder of the Summary Judgment Opinion is unchanged.

## IV.  **CONCLUSION**

For the reasons stated above, RXO LM's motion for reconsideration or clarification (ECF 234) is **GRANTED**.

Accordingly, **IT IS** on this 12th day of March 2026,

**ORDERED** that Defendant RXO Last Mile, Inc.'s motion for reconsideration or clarification (ECF 234) is **GRANTED**; and it is further

**ORDERED** that the accompanying Opinion modifies only Section III.d.ii.6 of the Summary Judgment Opinion at ECF 229.

**SO ORDERED**.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:       Clerk
cc:         James B. Clark, U.S.M.J.
            Parties

8